## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

KEITH ALLEN MILLER,         )
                                     )
          **Petitioner**         )
                                     )
**vs.**                            )     **Case No. CIV-06-101-W**
                                     )
**ERIC FRANKLIN, Warden,**     )
                                     )
          **Respondent**     )

### REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, brings this action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus. Pursuant to an order of United States District Judge Lee R. West, the matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the petition has been promptly examined, and for the reasons stated herein, it is recommended that the petition be dismissed upon filing.

By this action, Petitioner challenges his convictions by a jury on charges of first degree murder and possession of a sawed-off shotgun. Case No. CF-2002-1797, District Court of Oklahoma County. Petition, p. 1. He received sentences of life imprisonment and two years imprisonment, respectively, to be served concurrently. Petition, p. 1. Petitioner filed a direct appeal, and the Oklahoma Court of Criminal Appeals affirmed on January 9, 2004. Case No. F-2002-1541, Oklahoma Court of Criminal Appeals. On March 29, 2005, he filed an application for state post-conviction relief, but the application was stricken on June 1, 2005, for Petitioner's failure to comply with the court rule prohibiting the filing of applications in excess of twenty pages without court

Dockets.Justia.com

permission.  Petition, p.  3.  Petitioner filed a second application for state post-conviction relief on July 7, 2005,  Petition, p.  3, and that application was denied on October 25, 2005.  Petition, p.  5 and App.  No.  2.  Petitioner appealed, and the Oklahoma Court of Criminal Appeals affirmed on January 12, 2006.  Case No.  PC-2005-1168, Oklahoma Court of Criminal Appeals.  Petition, p.  9 and App.  No.  3.

In this action, Petitioner seeks relief on nine grounds.  In Ground One, he claims that there was insufficient evidence to support his conviction for first degree malice murder.  Petition, p.  8.  In Ground Two, he claims that his fundamental rights to due process and equal protection were violated when the trial court permitted witnesses to perform the role of jurors.  Petition, p.  10.  In Ground Three, he claims that his fundamental rights to due process and equal protection were violated when the state released the crime scene prior to Petitioner receiving counsel. Petition, p. 12.  In Ground Four, he claims that his fundamental rights to due process and equal protection were violated when the trial court failed to instruct the jury on the lesser included offense of manslaughter.  Petition, p.  14.  In Ground Five, Petitioner claims that his fundamental rights to due process and equal protection were violated when the trial court refused to instruct the jury on the lesser included offense of excusable homicide.  Petition, p.  16.  In Ground Six, Petitioner claims that his fundamental rights to due process and equal protection were violated when the trial court excluded evidence of domestic violence against the deceased by her estranged husband.  Petition, p.  17.  In Ground Seven, Petitioner claims that his fundamental rights to due process and equal protection were violated by the ineffectiveness of trial counsel.  Petition, p.  19.  In Ground Eight,

2

Petitioner claims that his fundamental rights to due process and equal protection were violated by the ineffectiveness of appellate counsel. Petition, p. 23. Finally, in Ground Nine, Petitioner claims that his fundamental rights to due process and equal protection were violated by Oklahoma's arbitrary and capricious appellate and post-conviction procedures. Petition, p. 25.

## I.  SCREENING REQUIREMENT

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court is under an obligation to review habeas petitions promptly and to summarily dismiss a petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief. . . ." The undersigned finds that it is proper to raise the issue of timeliness of a petition for writ of habeas corpus sua sponte under Rule 4. Graves v. Boone, No. 99-7013, 1999 WL 1079626 (10th Cir. Nov. 30, 1999); Williams v. Boone, No. 98-6357, 1999 WL 34856 (10th Cir. Jan. 28, 1999) (affirming the Court's sua sponte dismissal of habeas corpus petition as untimely under Rule 4).[1]

As stated by the Fifth Circuit in Kiser v. Johnson, 163 F.3d 326, 328- 29 (5th Cir. 1999), affirming the power of the district court to raise the statute of limitations sua sponte:

> The district court has the power under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. This power is rooted in "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer.

Kiser, 163 F.3d at 328 (quoting Rule 4 Advisory Committee Notes).

------

[1]These and any other unpublished dispositions are cited as persuasive authority pursuant to Tenth Circuit Rule 36.3.

Moreover, the undersigned's sua sponte consideration of whether the petition is time-barred will not prejudice Petitioner since he has an opportunity to be heard on the issue by filing a timely objection to this Report and Recommendation.  See Smith v. Dorsey, No. 93-2229, 1994 WL 396069 (10th Cir. July 29, 1994) (finding "no due process problem" where magistrate judge raised issue of procedural bar sua sponte and petitioner had opportunity to object to report and recommendation prior to district court's adoption thereof) (citing  Hardiman v. Reynolds, 971 F.2d 500 (10th Cir. 1992)).

## II.  THE AEDPA LIMITATIONS PERIOD

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)[2] sets forth a one-year period of limitations for habeas petitioners who are in state custody.  The statute provides in pertinent part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of-
>
> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[2]Pub. L. No. 104-132, 110 Stat. 1214, effective April 24, 1996.

> (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).  As a general rule, the period of limitation under this statute runs from the date the judgment became "final" as provided by § 2244(d)(1)(A), unless a petitioner alleges facts that would implicate the provisions set forth in § 2244(d)(1)(B), (C), or (D) above.  Preston v. Gibson, 234 F. 3d 1118, 1120 (10th Cir. 2000). Petitioner has not provided the Court with any basis to apply the provisions of § 2244(d)(1)(B) or (C),  and so the undersigned will consider the timeliness of the petition under § 2244 (d)(1)(A) and as to Ground Nine, § 2244(d)(1)(D).

**A.  Grounds One through Eight, and part of Nine.**

Under § 2244(d)(1)(A),  Petitioner's action as to Grounds One through Eight, and the part of Ground Nine in which he challenges Oklahoma's appellate procedures, is clearly untimely.  Petitioner alleges that he was sentenced on December 20, 2002, and his appeal was decided on January 9, 2004.  Petition, p. 1 and App. No. 1 (Summary Opinion, Case.  No.  F-2002-1541, Oklahoma Court of Criminal Appeals).  Petitioner then had 90 days to file a certiorari petition in the United States Supreme Court.[3]  This period expired on April 8, 2004, rendering the conviction "final" for purposes of 28 U.S.C. § 2244(d)(1)(A).  See Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001) ("Under [28 U.S.C. § 2244(d)(1)(A)], a petitioner's conviction is not final . . . following a decision by the state court of last resort -- [until] 'after the United States Supreme Court has denied

---

[3]See 28 U.S.C. § 2101(c) (stating that "any writ of certiorari . . . shall be . . . applied for within ninety days after the entry of . . . [the underlying] judgment or decree"); Rule 13, Rules of the Supreme Court of the United States (a certiorari petition is timely if it is filed within 90 days of the entry of judgment by a state court of last resort).

review, or, if no petition for certiorari is filed, after the time for filing a petition for certiorari with the Supreme Court has passed.'" (citation omitted). Therefore, Petitioner had until April 8, 2005, to file his federal habeas action. <u>Malone v. State</u>, Nos. 03-6246, 03-6175, 2004 WL 1249850, at *1 (10th Cir. June 8, 2004) (the one year limitation period should be calculated using anniversary date method, citing <u>United States v. Hurst</u>, 322 F.3d 1256, 1260-61 (10th Cir. 2003)). This action was not filed until January 30, 2006,[4] and in the absence of tolling, is clearly untimely.

Federal law provides that the limitations period is tolled for a "properly filed application for State post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2). Petitioner filed his first state post-conviction application with ten days remaining in the AEDPA period; however, Petitioner is not entitled to tolling for this application because it was not "properly filed." "[A]n application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." <u>Burger v. Scott</u>, 317 F.3d 1133, 1139 (10th Cir. 2003) (citing <u>Artuz v. Bennett</u>, 531 U.S. 4, 8 (2000)). Moreover, the Tenth Circuit has held that "state procedural law must govern when determining whether a state petition is 'properly filed'...." <u>Garcia v. Shanks</u>, 351 F.3d 468, 471 (10th Cir. 2003). In this case, the state district court specifically found that

---

[4]The undersigned has used the date of filing in the Court Clerk's office as there is no certificate of mailing on the petition. There is only a "Declaration Under Penalty of Perjury" dated January 25, 2006; the postage meter stamp on the envelope in which the petition was mailed is dated January 27, 2006.

6

the March 29, 2005 post-conviction application failed to comply with the applicable rules governing filings:

> Petitioner's Application for Post-Conviction Relief violates Rule 37 of the Court Rules of the Seventh Judicial Administrative District. Rule 37 states that " . . . all motions applications and responses thereto, including briefs, if required by Rule 4, of the Rules for District Courts, shall not exceed twenty (20) pages in length, excluding exhibits, without prior permission of the assigned judge." Violation of this rule may result in the application not being considered by the Court. Petitioner's application, excluding exhibits, totals 40 pages. Petitioner did not obtain prior permission of this Court to exceed the page limit. Therefore, petitioner's entire application is stricken for noncompliance with Rule 37.

Oklahoma State Courts Network, Docket Sheet for Case No. CF-02-1797, District Court of Oklahoma County (Doc. No. 1001786092, June 1, 2005) (accessed Jan. 31, 2006). The Tenth Circuit has also stated that a "properly filed" post-conviction application is one filed according to filing requirements which may include: "the obtaining of any necessary judicial authorizations that are conditions precedent to filing...." Habteselassie v. Novak, 209 F.3d 1208, 1211 (10th Cir.2000). Here, Petitioner clearly filed an application in excess of the permitted page limit without necessary judicial authorization, and his application was stricken from consideration for that reason. Accordingly, the undersigned finds that it was not "properly filed" and that it does not toll the AEDPA limitation period.

Petitioner is also not entitled to statutory tolling for his second post-conviction application – commenced on July 7, 2005 – because it was not commenced until the limitations period had already expired on April 8, 2005. See e.g., Hansell v. LeMaster, No. 98-2207, 1999 WL 258335, at *2 (10th Cir. April 30, 1999) (refusing to toll limitation period for time petitioner spent seeking post-conviction relief where petitioner did not

seek such relief until after the statutory period ended). Therefore, statutory tolling is unavailable.[5]

The period of limitation also "may be subject to equitable tolling" under circumstances where application of the period of limitation would possibly render the habeas remedy "inadequate and ineffective." Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). However, equitable tolling is limited to "rare and exceptional circumstances." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). To justify equitable tolling, the petitioner must "demonstrate[] that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000). It is Petitioner who has the burden of demonstrating that equitable tolling applies. Cooper v. Bravo, No. 00-2462, 2002 WL 32716 at *4 (10th Cir. Jan. 11, 2002) (citing Miller). In this case, the reason for Petitioner waiting until after the period of limitations expired before filing his first "properly filed" state post-conviction application is his belief that the statute was tolled during the time that his procedurally defective application was pending. See Petition, p. 29. However, as found above, Petitioner is mistaken, and his general claim of timeliness is insufficient to meet his burden of showing entitlement to equitable tolling. See Marsh v. Soares, 223 F.3d at 1220

---

[5]Even if Petitioner's first state post-conviction application were properly filed, this action would be untimely. Under such a scenario, the AEDPA period began to run on April 8, 2004, and was tolled on March 29, 2005 with only 10 days remaining. It began running again on July 1, 2005, upon expiration of the time to appeal from denial of the first post-conviction application, and was tolled again on July 7, 2005, upon filing of the second application with 4 days remaining. It began running again on January 12, 2006, upon affirmance of the denial of the second post-conviction application, and expired on January 16, 2006. As January 16, 2006, was a date upon which the courthouse was closed, the petition would have been due on January 17, 2006. As noted above, there is no certificate of mailing on the petition from which any application of the prison mailbox rule can be made, but it cannot have possibly been mailed any earlier than the date it was executed under penalty of perjury – January 25, 2006. Thus, it was filed at least 8 days late.

("[I]gnorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.").

Even if Petitioner could show rare and extraordinary circumstances justifying equitable tolling of the limitation period, he must also demonstrate that he has diligently pursued his federal claims. Gibson v. Klinger, 232 F.3d at 808; Marsh, 223 F.3d at 1220. "[T]his Circuit has generally declined to apply equitable tolling when it is facially clear from the timing of the state and federal petitions that the petitioner did not diligently pursue his federal claims." Burger v. Scott, 317 F.3d 1133, 1141 (10th Cir. 2003). Here, Petitioner waited until 355 days of the one-year limitations period had already passed before bringing his first state post-conviction application, and then waited another thirty-seven days to correct the procedurally-defective application.[6] In light of these facts, the undersigned finds that application of the doctrine of equitable tolling is not appropriate here.

### B. Ground Nine - Challenge to Post-conviction Procedures

Finally, as noted above, the AEDPA limitation period with regard to the portion of Petitioner's claim in Ground Nine pertaining to Oklahoma's post-conviction procedures should arguably run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due

---

[6]In the order striking the first post-conviction application, the state district court advised Petitioner of appeal rights under Rules 5.2(C)(1) and (9) of the Rules of Oklahoma Court of Criminal Appeals, and if the application had been "properly filed," tolling would have been available for the thirty-day period in which an appeal could have been taken. See Yingst v. State, 480 P.2d 276, 277 (Okla. Crim. App. 1971) (Post Conviction Procedure Act expressly requires the trial court in disposing of an application to enter an order stating the court's findings and conclusions on the issues presented, and it is from this judgment that an appeal is taken); see also Rule 5.2(A) of the Rules of Oklahoma Court of Criminal Appeals, Okla. Stat. tit. 22, Ch. 18 App. However, in the context of the equitable tolling analysis, the question is one of Petitioner's diligence.

diligence," rather than from the date his conviction was final. 2244(d)(1)(D). However, it is unnecessary to pinpoint the date upon which this occurred as the Tenth Circuit Court of Appeals has held that an attempt by a habeas petitioner to challenge state "post-conviction procedures on their face and as applied to him would fail to state a federal constitutional claim cognizable in a federal habeas proceeding." <u>Steele v. Young</u>, 11 F.3d 1518, 1521, 1524 (10th Cir. 1993); <u>see also</u> <u>Sellers v. Ward</u>, 135 F.3d 1333, 1339 (10th Cir. 1998) (holding that an alleged deprivation of due process based on the state appellate court's refusal to grant post-conviction review was not cognizable on federal habeas corpus "because the constitutional error he raises focuses only on the State's post-conviction remedy and not the judgment which provides the basis for his incarceration"); <u>Graves v. Boone</u>, No. 99-7013, 1999 WL 1079626 *2 (10th Cir. Nov. 30, 1999) ("Mr. Graves' challenges to Oklahoma's post-conviction procedures do not amount to federal constitutional claims in a federal habeas action.") (citing <u>Steele</u>). Therefore, Petitioner's challenges to Oklahoma's post-conviction procedures as contained in Ground Nine fails to state a claim for the deprivation of a federal constitutional right, and it is apparent from the face of the petition that he is not entitled to habeas relief on such a claim. Thus, this claim, even if timely, should also be summarily dismissed on filing.

### <u>RECOMMENDATION</u>

Based on the foregoing findings, it is recommended that the petition for a writ of habeas corpus be dismissed on filing. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court on or before February 23, 2006, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. Petitioner is

further advised that failure to file a timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. Moore v. United States, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation disposes of all the issues referred to the undersigned Magistrate Judge in the captioned matter. The Clerk of Court is directed to transmit a copy of this Report and Recommendation through electronic mail to the Attorney General of the State of Oklahoma on behalf of the Respondent at the following address: fhc.docket@oag. state.ok.us.

**ENTERED this 3rd day of February, 2006.**

DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE